UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————————

JOHN BANCHS RIVERA,

                    Plaintiff,           **No. 11-CV-6185(MAT)**
                                         **DECISION AND ORDER**

     -vs-


PEOPLE OF THE STATE OF NEW YORK,

                    Respondent.
———————————————————————————


## I.   Introduction

John Banchs Rivera ("Rivera" or "Petitioner") has filed a <u>pro se</u> habeas corpus application pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights. Petitioner's state custody arises from an August 8, 1994, judgment of Monroe County Court of New York State, convicting him on drug-sale and weapons-possession charges. Petitioner was sentenced to concurrent, indeterminate prison terms, the longest of which was six years to life. On May 12, 2008, Petitioner was released from prison and is currently under parole supervision.

For the reasons that follow, the Court concludes that it has jurisdiction to hear the petition. However, none of Petitioner's claims warrant habeas relief, and therefore the petition is dismissed.

-1-

## II.  Jurisdiction

### A.   "In Custody" Requirement of 28 U.S.C. § 2254(a)

On May 3, 2010, while this petition was pending, Petitioner was released on parole. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 491 (1989) (quotation omitted) (citing 28 U.S.C. § 2254(a) (emphasis in original)). Here, Petitioner was incarcerated when he filed the instant petition, and he thus meets the "in custody" requirement of the habeas statute. Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

### B.   Mootness

Petitioner's release to parole supervision raises the question of whether the petition satisfies Article III, § 2 of the U.S. Constitution, by presenting a live "case or controversy." E.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998). "[W]here the issues presented by a party in an action are no longer 'live,' or the party lacks a legally cognizable interest in the outcome, the federal action is properly dismissed as moot." City of Erie v. Pap's A.M., 529 U.S. 277, 287, (2000). When a term of imprisonment has expired, "some concrete and continuing injury other than the now-ended incarceration or parole-some collateral consequence of

the conviction-must exist if the suit is to be maintained." Spencer, 523 U.S. at 7.

In Sibron v. New York, 392 U.S. 40 (1968), the Supreme Court, citing various collateral consequences such as deportation, inability to become a citizen, impeachment evidence in future criminal trials, and increased future sentences, asserted a presumption that collateral consequences attach to criminal convictions post-release. Id. at 54-56; accord Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002). In light of Sibron, the Second Circuit has held that "a habeas petition challenging a criminal conviction is rendered moot by a release from imprisonment only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Perez, 296 F.3d at 125 (internal citations omitted).

At the present time, Petitioner continues to bear certain adverse collateral consequences of his criminal conviction in terms of continuing restraints on his liberty, including being subject to parole supervision by the New York State Department of Corrections and Community Supervision. Therefore, the Court concludes that the petition is not moot.

## III. Factual Background and Procedural History

### A.    The Underlying Convictions

On April 20, 1993, Petitioner was arrested after he sold more than one-half ounce of cocaine to an undercover police officer. On

July 5, 1993, Petitioner was stopped in his car by the police for speeding, and was found to be intoxicated. During the course of the stop, the police recovered a loaded .22-caliber revolver under the front passenger seat of Petitioner's car and a loaded .38-caliber handgun which had been reported stolen. The police also recovered a plastic baggy containing cocaine.

Petitioner pleaded guilty to Criminal Sale of a Controlled Substance in the Second Degree (N.Y. Penal Law § 220.41). He had a jury trial on the charges concerning the possession of the two guns, and was convicted of two counts of Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02).

On August 8, 1994, Petitioner was sentenced to an indeterminate prison term of from six years to life on the drug-sale conviction, and was sentenced to concurrent indeterminate prison terms of from three and one-half to seven years on one of the weapons-possession convictions, and from two and one-half to five years on the other weapons-possession convictions.

As part of the plea agreement, Petitioner waived his right to appeal, and he did not appeal his conviction. However, Petitioner did file in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, dated December 26, 2007, in which he challenged the denial of his parole application. By Decision and Order dated October 2, 2009, this Court (Larimer, D.J.) dismissed

the habeas petition as moot. See Dkt. #14 in Rivera v. Dennison, 08-CV-6037(DGL) (W.D.N.Y.).

### B.   The Resentencing

In 2004, the New York state legislature enacted the Drug Law Reform Act (the "2004 DLRA") to ameliorate the harsh sentencing provisions of the Rockefeller Drug Laws by, among other things, permitting non-violent felony drug offenders convicted of class A-I offenses prior to the date of the law's enactment to re-apply for determinate sentences. See Drug Law Reform Act, ch. 738, § 23, 2004 N.Y. Sess. Laws 1474-75; see also People v. Pauly, 21 A.D.3d 595, 799 N.Y.S.2d 841, 843 (3d Dept. 2005).

The 2005 amendments to the DLRA (the "2005 DLRA") expanded the determinate sentencing scheme by allowing "certain defendants convicted of class A-II felony drug offenses . . . [to] apply for resentencing provided that (1) they were sentenced 'to an indeterminate term of imprisonment with a minimum period not less than three years pursuant to provisions of the law in effect prior to the effective date of [DLRA 2005],' (2) they are 'more than twelve months from being an eligible inmate as that term is defined in [Correction Law § 851(2)],' and (3) they 'meet[ ] the eligibility requirements of [Correction Law § 803 (1)(d)]'". People v. Williams, 48 A.D.3d 858, 859, 2008 N.Y. Slip Op. 01262, at **2 (3d Dept. 2008) (quoting Drug Law Reform Act, ch. 643, § 1, 2005

N.Y. Sess. Laws 1581-82; citation omitted; alterations in Williams).

The New York Court of Appeals has held that, reading the 2005 DLRA together with New York's Correction Law, "in order to qualify for resentencing under the 2005 DLRA, class A-II felony drug offenders must not be eligible for parole within three years of their resentencing applications." People v. Mills, 11 N.Y.3d 527, 872 N.Y.S.2d 705, 901 N.E.2d 196, 201 (2008) (collecting cases).

By pro se papers dated January 12, 2007, Petitioner filed a motion to set aside his sentence pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.20, on the grounds that (1) his sentence should be reduced under the 2005 amendments to the Drug Law Reform Act; and (2) the eligibility requirements of the 2005 DLRA violate his due process and equal protection rights. The prosecution opposed Petitioner's motion on the ground that he was not eligible for resentencing because he was serving a prison sentence for both a class A-II drug felony and a violent felony offense, and further argued that the 2005 DLRA does not violate Petitioner's due process or equal protection rights.

On April 3, 2007, the Monroe County Court converted Petitioner's C.P.L. § 440.20 motion to a motion for resentencing pursuant to the 2005 DLRA, and denied relief. Recognizing that under the 2005 DLRA, an applicant seeking a sentence reduction must not be eligible for parole within three years of his request, the

motion court noted that Petitioner first became eligible for parole on June 9, 2000, and he was due to appear for another parole hearing in April of 2008. Thus, because Petitioner was eligible for parole within three years of request for resentencing (here, within one year after he made his resentencing request), he did not qualify under the 2005 DLRA.

The motion court also rejected Petitioner's claim that the 2005 DLRA was unconstitutional because it applied only to prisoners currently incarcerated in state prisons, finding that the eligibility requirements of the 2005 DLRA served a rational purpose, namely, "to ameliorate the conditions of those A-II offenders serving the longest prison time." County Court Order Denying Resentencing at 2 (citations omitted), Respondent's Exhibit ("Resp't Ex.") D (Dkt. #6).

On appeal to the Appellate Division, Fourth Department, Petitioner's attorney filed a brief requesting an order to be relieved as appellate counsel because the appeal failed to present any non-frivolous issues. Counsel argued that, because Petitioner was less than three years from being eligible for parole release, and because he was serving a prison sentence for a violent felony conviction, he was ineligible for resentencing under the 2005 DLRA. Counsel, however, informed the court that Petitioner wished to continue his appeal and proceed on a pro se basis.

Petitioner thereafter filed a pro se brief in which he argued that he was eligible for resentencing and that the 2005 DLRA violated his due process and equal protection rights insofar as it was unfair to reduce A-II sentences for some inmates but not others. On February 11, 2010, the Appellate Division, Fourth Department, granted defense counsel's motion to be relieved of assignment and affirmed the judgment of the Monroe County Court. By certificate dated May 20, 2010, the New York Court of Appeals denied Petitioner's leave application.

**C.   The Federal Habeas Petition**

In his timely filed pro se habeas petition dated April 8, 2011, Petitioner asserts the following grounds for relief: (1) the Monroe County Court improperly denied his motion for resentencing since at the time he filed his motion, he was eligible for resentencing under the 2005 DLRA; and (2) the eligibility requirements set forth in the 2005 DLRA violate his rights to due process and equal protection of the laws. Respondent concedes that all of Petitioner's claims are exhausted but argues that they do not warrant habeas relief.

For the reasons that follow, River's request for a writ of habeas corpus is denied, and the petition is dismissed.

## III. Analysis

### A. Erroneous Finding the Petitioner Was Ineligible Under the 2005 DLRA

Petitioner contends that contrary to the motion court's finding, he was eligible for resentencing under the 2005 DLRA. Petitioner's resentencing claim is based on a New York state statute, the application of which is purely a state law issue. It is beyond debate that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Rather, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68. The Court agrees with Respondent that the question of whether Petitioner was eligible for resentencing under the 2005 DLRA implicates no federal concerns. Accordingly, Petitioner's claim is not cognizable and cannot provide a basis for federal habeas relief. See Edell v. James, 08-CV-2422(JS), 2010 WL 3199682, at *2 (E.D.N.Y. Aug. 11, 2010) (denying habeas petitioner's claim that he was erroneously denied resentencing under the DLRA because "[t]he DLRA and N.Y. Correct. L. § 851 are New York state statutes" and "these statutes' interpretations, and the application of those interpretations to Petitioner, raise only state law questions" not cognizable on habeas review).

**B.    Denial of Equal Protection of the Laws**

Petitioner next asserts that the 2005 DLRA treats him differently from class A-I drug offenders, and, therefore, violates his Fourteenth Amendment right to equal protection under the laws.

The Equal Protection Clause of the Fourteenth Amendment is "'essentially a direction that all persons similarly situated be treated alike.'" Latrieste Rest. v. Village of Port Chester, 188 F.3d 65, 69 (2d Cir. 1999) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)). The Second Circuit has held that prisoners are not considered a suspect class for purposes of an equal protection analysis. E.g., Lee v. Governor of the State of N.Y., 87 F.3d 55, 60 (2d Cir. 1996) (holding that "prisoners either in the aggregate or specified by offense are not a suspect class" and applying "rational basis" test to equal protection claim asserted by prisoners seeking eligibility for temporary release)); see also Duemmel v. Fischer, No. 09-0468-pr, 2010 WL 726306, at *1 (2d Cir. Mar. 3, 2010) (citing Lee, 87 F.3d at 60).

Where the statute does not affect a suspect class, it will be upheld as long as "'there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" Tarbe v. Berkel, Inc., 196 F.3d 136, 137 (2d Cir. 1999) (per curiam) (quoting Heller v. Doe, 509 U.S. 312, 320 (1993); other citation omitted)). Under the rational-basis standard, a legislative classification is "accorded a strong presumption of

validity," and satisfies constitutional standards "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." <u>Heller</u>, 509 U.S. at 319-20 (quoting <u>F.C.C. v. Beach Commc'ns, Inc.</u>, 508 U.S. 307, 313 (1993)). Thus, "[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." <u>Id.</u> (quoting <u>Lehnhausen v. Lake Shore Auto Parts Co.</u>, 410 U.S. 356, 364 (1973) (internal quotation marks omitted)).

The 2004 DLRA provides for the automatic re-sentencing of class A-I drug offenders, and the 2005 DLRA extends the opportunity to A-II offenders-but only if they meet certain eligibility criteria. New York state courts and federal courts in this Circuit have rejected similar arguments that it is irrational to allow re-sentencing for those convicted of more serious crimes but not to allow it for those, like Petitioner, convicted of lesser offenses. E.g., <u>People v. Paniagua</u>, 45 A.D.3d 98, 841 N.Y.S.2d 506, 515-16 (1st Dept. 2007) ("The distinctions drawn by the Legislature in reforming the drug laws are entirely reasonable.") (rejecting due process and equal protection challenge to 2005 DLRA); <u>United States v. Hammons</u>, 438 F. Supp.2d 125, 130 (E.D.N.Y. 2006) ("[T]he State may have had policy reasons for offering new sentences for those [drug offenders] who faced the harshest punishment and providing only ameliorative provisions for the rest in the form of 'merit time allowances.' The class A-1 felonies were the ones where the

-11-

sentences were most severe and may have been viewed as the ones in most need of immediate relief.") (citing People v. Pauly, 21 A.D.3d 595, 799 N.Y.S.2d at 843); other citations omitted).

Although the 2004 and 2005 iterations of the DLRA differentiate between A-I and A-II offenders, and between certain A-II offenders, the laws are "rationally related to the legitimate government purpose of providing ameliorative relief to prisoners facing the lengthiest sentences under the Rockefeller drug laws." Alejandro v. Berbary, No. 08-CV-1809 (JFB), 2010 WL 2075941, at *8 (E.D.N.Y. May 21, 2010) (denying habeas petitioner's equal protection claim attacking the 2005 DLRA) (footnote omitted). In particular, distinguishing between offenders based on their parole eligibility dates is related to the legitimate purpose of affording relief to those prisoners serving A-II sentences who were affected most harshly by the Rockefeller drug laws. See Edell v. James, 2010 WL 3199682, at *2 (stating that the 2005 DLRA's "'disparate treatment of inmates with different parole eligibility dates is rationally related to the achievement of the valid state objective of ameliorating the conditions of those A-II offenders facing the longest prison time'") (quoting People v. Edell, 853 N.Y.S.2d 896 (2d Dept. 2008)); see also Mendoza v. Miller, 04-CV-1270, 2008 WL 3211277, at *8 (N.D.N.Y. Aug. 6, 2008) (the 2005 DLRA's eligibility requirements have a rational basis even though they do not provide identical resentencing opportunities to all drug offenders).

Therefore, Rivera has not established that the denial of resentencing under the 2005 DLRA resulted in an equal protection violation. <u>Accord</u>, <u>e.g.</u>, <u>Alejandro</u>, 2010 WL 2075941, at *9.

### C.    Denial of Due Process

Petitioner argues that the County Court's denial of his motion for resentencing violates his due process rights under the Fifth and Fourteenth Amendments. As discussed <u>supra</u>, the 2005 DLRA allowed for the resentencing of some, but not all, class A-II offenders. Although Rivera mentions "due process", his argument is essentially a restatement of his equal protection claim in that he is arguing that due process requires that the resentencing provisions of the 2005 DLRA apply to *all* A-II offenders, regardless of whether they meet the specific eligibility requirements set forth in the statute. The Court already has disposed of Rivera's equal protection claim, <u>see</u> <u>supra</u> at Section III.B.

Furthermore, Rivera has not established, for purposes of a procedural due process analysis, that he has a protected liberty interest upon which the 2005 DLRA impinges. It is well settled that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. <u>Greenholtz v. Nebraska Penal Inmates</u>, 442 U.S. 1, 7 (1979); <u>see also</u> <u>Boothe v. Hammock</u>, 605 F.2d 661 (2d Cir. 1979). In addition, Rivera has not demonstrated that a fundamental right is implicated for purposes of substantive due process. As prison

inmates have no fundamental right to conditional or early release from incarceration, <u>see</u> <u>Connecticut Bd. of Pardons v. Dumschat</u>, 452 U.S. 458, 464 (1981), the 2005 DLRA "need only be rationally related to a legitimate state objective." <u>Immediato v. Rye Neck School Dist.</u>, 73 F.3d 454, 461 (2d Cir. 1996) & <u>id.</u> at 463 ("[Plaintiff]'s claim that the program violates his right to 'personal liberty' does little more than parrot the language of the Fourteenth Amendment. Although substantive due process rights are guaranteed to an individual, in part, through the liberty component of the Due Process Clause, this does not mean that a fundamental right is implicated every time a governmental regulation intrudes on an individual's 'liberty.'") (internal citation omitted). In short, Rivera has no meritorious constitutional challenge to the 2005 DLRA.

## IV.  Conclusion

For the reasons stated above, John Banchs Rivera's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Rivera has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:     April 18, 2012
           Rochester, New York.

-15-